UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Criminal No. 00-132(1)(DSD)

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>JAMES WESLEY LUVENE,<br><br>Defendant. | **GOVERNMENT'S MEMORANDUM IN RESPONSE TO DEFENDANT'S MOTION TO REDUCE SENTENCE** |

The United States of America, by and through its attorneys, Frank J. Magill, Jr., Acting United States Attorney for the District of Minnesota, and Nicole Engisch, Assistant United States Attorney, hereby submits the Government's Memorandum in Response to Defendant's Motion to Reduce Sentence.[1]

## I. INTRODUCTION

The defendant has moved for a reduction of his sentence, pursuant to 18 U.S.C. § 3582(c)(2), based on recent amendments to the Sentencing Guidelines which lowered the base offense level applicable to most cocaine base ("crack") offenses by two levels. Thus, Defendant's new guideline range is between 121 and 151 months. To the extent Defendant seeks a sentence within that new range, the government does not oppose the motion but instead leaves the matter to the Court's discretion. To the extent Defendant seeks a sentence below 121 months and seeks to reduce his

[1] The government takes no position on the defendant's Motion for Appointment of Counsel. While neither the Sixth Amendment nor 18 U.S.C. § 3006A requires such an appointment, the Court has inherent authority to appoint counsel in this instance.

supervised release term, the motion should be denied. The new amendments do not permit the Court to sentence a defendant below the new guideline range, nor do they permit the Court to reduce the supervised release term. Defendant is not eligible for a reduced sentence under Section 3582(c)(2) until March 3, 2008, the date the new amendments become retroactive to a concluded case.[2]

## I. FACTUAL AND PROCEDURAL BACKGROUND

Defendant James Luvene and his co-defendant Bryant Cribbs were indicted on May 8, 2000, by a grand jury in a two-count superseding indictment charging violations of 21 U.S.C. §§ 841(a)(1), (b)(1)(A), 846, and 18 U.S.C. § 2. Count one charged the defendants with conspiracy to possess with the intent to distribute and to distribute in excess of 50 grams of cocaine base ("crack"). Count two charged both defendants with aiding and abetting each other with crack cocaine distribution.

On July 6, 2000, Cribbs pled guilty to both counts of the Indictment. On September 28, 2000, Cribbs was sentenced to 120 months in prison.

---

[2] The Sentencing Commission determined to postpone the effective date of the amendments until March 3, 2008, in order to allow Congress the opportunity to weigh in on the matter, such as by enacting legislation to abrogate the amendments. Such legislation is currently under consideration. For this reason, the Court should either decline to reach a decision on this matter until March 3, 2008, or should ensure that any sentencing reduction is effective no sooner than March 3, 2008.

Luvene elected to proceed to trial before the Honorable David S. Doty, United States District Court Judge, and the trial began on July 10, 2000. On July 12, 2000, Defendant was convicted by the jury on both counts.

The Defendant was sentenced on October 18, 2000. The Court adopted the guideline calculations set forth in the Presentence Investigation Report ("PSR"). 10/18/00 Statement of Reasons at 5. The Court used the Sentencing Guidelines that were in effect as of November 1, 1998. PSR ¶ 16.

The Court reached a total offense level of 34 in two steps. First, the Court found Defendant's relevant conduct included 136.81 grams of crack, which resulted in a base offense level of 32. U.S.S.G. § 2D1.1(c)(4); PSR ¶ 18. Second, the Court imposed a 2-level upward adjustment for obstruction of justice, based on the Defendant's perjury at trial. PSR ¶¶ 22, 24. The Court also found Defendant had a criminal history category of I. PSR ¶ 27.

The Court concluded that Defendant's guideline range was 151 to 188 months imprisonment, based on a total offense level of 34 and a criminal history category of I. 10/18/00 Statement of Reasons at 5. The Court sentenced Defendant to the bottom of the guideline range, 151 months imprisonment, with the time to be served concurrently on Counts 1 and 2. It further imposed a statutory minimum, 5-year term of supervised release.

The Court denied Defendant's request for a two-point safety-valve reduction under U.S.S.G. § 2D1.1(b)(6). Specifically, the Court found that Defendant failed to meet the criteria of U.S.S.G. § 5C1.2(5) and 18 U.S.C. § 3553(f)(5) because he failed to provide all truthful information and evidence concerning the crime. 10/18/00 Statement of Reasons at 8.

Defendant appealed his conviction on October 26, 2000. On appeal, Defendant argued that the government violated his compulsory process and due process rights when the government failed to produce the location of its informant. On March 13, 2001, the Court of Appeals for the Eight Circuit found no due process violation and affirmed the district court's decision. United States v. Luvene, 245 F.3d 651 (8th Cir. 2001).[3]

On December 19, 2007, Defendant filed the instant motion seeking a reduction of his sentence pursuant to 18 U.S.C. § 3582(c)(2). He argues that the amendments to the Sentencing Guidelines give this Court the authority to modify his term of imprisonment and to reduce his term of supervised release. For the reasons set forth below, the government does not oppose his motion to reduce his sentence to a term that is between 121 and 151

[3] On March 30, 2006, Defendant filed a petition pursuant to 28 U.S.C. § 2241 to challenge BOP policies regarding halfway house placement. After the Eighth Circuit struck down those policies, Defendant's petition was granted in part, and BOP was directed to consider halfway house placement at the appropriate time prior to Defendant's release date of June 14, 2011. Luvene v. Morrison, No. 06-1232, 2007 WL 424684 (D. Minn., Feb. 2, 2007).

months, but it does oppose any resentencing that is below 121 months, and it does oppose his motion to reduce his supervised release term. Any reduction in his sentence should not become effective until March 3, 2008.

## III. DISCUSSION

### A. PURSUANT TO SECTION 3582(c)(2) AND U.S.S.G. § 1B1.10, ON MARCH 3, 2008, DEFENDANT WILL BE ELIGIBLE FOR A REDUCED SENTENCE THAT IS BETWEEN THE NEW GUIDELINE RANGE OF 121 AND 151 MONTHS

The guideline amendments at issue in this case are Amendments 706 and 711, effective for current cases as of November 1, 2007. Through these amendments, the Sentencing Commission reduced by two levels the offense levels applicable to most crack cocaine offenses. On December 11, 2007, the Sentencing Commission added Amendments 706 and 711 to the list of those amendments which may be applied retroactively to concluded cases. The amendments do not become retroactive, however, until March 3, 2008. As is discussed in detail below, while Defendant will be eligible for a reduced sentence, the sentence may not be lower than the bottom of the new guideline range, or 121 months.

#### 1. 18 U.S.C. § 3582(c)(2) Allows Courts to Modify Sentences When the Sentencing Commission Reduces the Guidelines and Makes Them Retroactive

Although courts generally may not modify a defendant's sentence once that sentence has been imposed, there are some exceptions. One such exception, set forth in 18 U.S.C.

§ 3582(c)(2), applies where the Sentencing Guidelines have been reduced and made retroactive to concluded cases. Section 3582(c)(2) provides:

> The court may not modify a term of imprisonment once it has been imposed except that–
>
> (2) in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

Thus, this provision allows a sentence to be reduced only when the guideline range has "been lowered by the Sentencing Commission" and only as provided by the "applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(2).

**2. Newly Amended U.S.S.G. § 1B1.10 Provides the Court With Discretion to Reduce the Defendant's Sentence, But Only to a Term That Is Within the New Guideline Range**

The Sentencing Commission's primary "policy statements" regarding reduction of sentences under 18 U.S.C. § 3582(c)(2) are contained in U.S.S.G. § 1B1.10. United States v.Walsh, 26 F.3d 75, 77 (8th Cir. 1994) ("Congress has made the policy statements set forth in § 1B1.10 the applicable law for determining whether a district court has the authority to reduce a sentence in this situation."). Those policy statements must be followed or the new sentence will be contrary to law. See United States v. Hasan, 245

F.3d 682, 686 (8th Cir. 2001) (en banc) ("The departure granted by the district court . . . is not consistent with the applicable policy statement (§ 1B1.10) issued by the Sentencing Commission to govern § 3582(c)(2) resentencings, and therefore runs afoul of § 3582(c)(2) itself which requires action 'consistent with applicable policy statements issued by the Sentencing Commission.'").

On December 11, 2007, the Sentencing Commission amended U.S.S.G. § 1B1.10, emphasizing the limited nature of relief available under 18 U.S.C. § 3582(c)(2). The amended U.S.S.G. §1B1.10(a), which becomes effective on March 3, 2008, provides in relevant part:

> (1) In General.—In a case in which a defendant is serving a term of imprisonment, and the guideline range applicable to that defendant has subsequently been lowered as a result of an amendment to the Guidelines Manual listed in subsection (c) below, the court may reduce the defendant's term of imprisonment as provided by 18 U.S.C. § 3582(c)(2). As required by 18 U.S.C. § 3582(c)(2), any such reduction in the defendant's term of imprisonment shall be consistent with this policy statement.
>
> (2) Exclusions.—A reduction in the defendant's term of imprisonment is not consistent with this policy statement and therefore is not authorized under 18 U.S.C. § 3582(c)(2) if—
>
> (A) none of the amendments listed in subsection (c) is applicable to the defendant; or
>
> (B) an amendment listed in subsection (c) does not have the effect of lowering the defendant's applicable guideline range.

> (3) Limitation.—Consistent with subsection (b), proceedings under 18 U.S.C. § 3582(c)(2) and this policy statement do not constitute a full resentencing of the defendant.

Thus, pursuant to U.S.S.G. § 1B1.10, the Court will have the discretion to reduce a sentence where, as here, the applicable, retroactive amendments result in a lowered guideline range. The Court, however, is not authorized to conduct a "full resentencing of the defendant." The amended U.S.S.G. § 1B1.10 goes on to state that in resentencing the defendant, the Court "shall leave all other guideline application decisions unaffected" and that, in general, the Court shall not sentence the defendant to a term that is less than the bottom of the new guideline range. Id.

Moreover, the Court retains the discretion whether to reduce the sentence. As the commentary to U.S.S.G. § 1B1.10 notes, when deciding whether a reduction is appropriate at all, "the court shall consider the factors set forth in 18 U.S.C. § 3553(a) in determining . . . whether a reduction in the defendant's term of imprisonment is warranted. Id. cmt. n.1(B)(I); see also U.S.S.G. § 1B1.10 background ("The authorization of such a discretionary reduction does not otherwise affect the lawfulness of a previously imposed sentence, does not authorize a reduction in any other component of the sentence, and does not entitle a defendant to a reduced term of imprisonment as a matter of right.").

### 3. Case Law Clarifies the Two Step Process Courts Must Employ When Deciding Whether to Reduce a Sentence Pursuant to Retroactive Guideline Amendments

Case law further addresses the procedures that the Court must follow when considering a motion for a reduced sentence pursuant to Section 3582(c)(2). Namely, the Court must make two separate determinations. Hasan, 245 F.3d at 684-85. First, the Court must determine the amended guideline range and what sentence it would have given at the time of the original sentencing, if the amended guideline range had been in effect at the time. Id. at 684-85. Second, the Court must consider whether to exercise its discretion to reduce the sentence, in light of the factors in Section 3553(a) and the information it now has regarding the defendant. Id. at 685.

#### a. Pursuant to the First Step, Defendant's New Guideline Range is 121 to 151 months

The Eighth Circuit, en banc, has described the first step as follows:

> First, 'the district court must determine what sentence it would have imposed had the new sentencing range been the range at the time of the original sentencing.' The court must leave all previous factual determinations intact at this point and simply determine 'what sentence it would have imposed had the retroactive amendment been in effect at the time the defendant was sentenced.

Hasan, 245 F.3d at 684-85 (quoting United States v. Wyatt, 115 F.3d 606, 608, 609 (8th Cir. 1997)). Thus, the Court cannot revisit its previous factual determinations.

Pursuant to Amendments 706 and 711, which amended Guideline Section 2D1.1, Defendant's base offense level will now be two levels lower, or 30 rather than 32. The Court must add two levels for the obstruction of justice enhancement that it previously determined was applicable. Therefore, Defendant's total offense level is now 32. Given Defendant's established criminal history category of I, the resulting guideline range is 121 to 151 months. This is a two level reduction from Defendant's original guideline range of 151 to 188 months.

**b. Pursuant to the Second Step, the Court May Sentence the Defendant to No Lower Than 121 months**

The second step in deciding whether to grant a Section 3582(c)(2) motion is for the Court to determine whether to exercise its discretion in granting a reduction, and if so, to what extent. As the Eighth Circuit stated in Hasan, the Court retains significant discretion:

> The second step requires the district court to decide whether to give the defendant the benefit of that particular reduced sentence . . . . [T]he district court retains the discretion to determine whether to resentence the defendant within the new lower range. It is not required to do so, and a new lesser sentence is not to be automatically awarded.

245 F.3d at 685. The Eighth Circuit further clarified that the Court may not go below the new guideline range that is based on the new amendments:

> In this second step . . . the guiding factors in § 3553(a) and the applicable policy statements of the Sentencing Commission are not grounds for an additional

> departure below the new sentence length already determined by the district court in step one. Rather, these factors guide the district court's second-step discretionary determination of whether to reduce [the defendant's] sentence to [the bottom of the revised guideline range].

Id. As the Hasan Court emphasized, 18 U.S.C. § 3582(c)(2) did "not say that the court may reduce the term of imprisonment below the amended sentencing range or that the § 3553(a) factors or the applicable policy statements should be considered for such an additional reduction." Id.

Subject to the limits set forth in U.S.S.G. § 1B1.10(b), the Court may consider all pertinent information in applying the Section 3553(a) factors and determining whether and by how much to reduce the defendant's sentence. In particular, the Court must consider public safety considerations, and it may consider information regarding the post-sentencing conduct or situation of the defendant, whether positive or negative. U.S.S.G. § 1B1.10, cmt. n.1(B)(ii) ("[t]he court shall consider the nature and seriousness of the danger to any person or the community that may be posed by a reduction in the defendant's term of imprisonment"). Additionally, "[t]he court may consider post-sentencing conduct of the defendant that occurred after the imposition of the original term of imprisonment." Id. n.1(B)(iii). These factors are relevant in determining whether and by how much to reduce a sentence, but only within the limits set forth in U.S.S.G. § 1B1.10(b). Id.

Thus, this Court has considerable discretion in deciding whether or not to grant a reduction of sentence in this case. It further has considerable discretion in determining the extent of any such reduction within the amended guideline range of 121 to 151 months. Consistent with the policy statements of U.S.S.G. § 1b1.10, the Court may not, however, reduce the sentence below the bottom of the new guideline range, or 121 months.

There is, not surprisingly, nothing in the record regarding what sentence the Court might have imposed at the time of the original sentencing had the guideline range been lower. The Court, however, did note at the outset that "this case has bothered me a great deal," and that both the Court and its law clerk spent a "great deal of time" on the case. 10/18/00 Sentencing Transcript at 8. The Court went on to state that "[t]his is a tough case," and that the sentence "seems harsh, and it seems unfair." Id. at 9. Additionally, a review of Defendant's record in prison appears to reveal a clean disciplinary record. Based on these facts, the Court may wish to exercise its discretion to reduce Defendant's prison term, and the government will not oppose any such reduction down to 121 months, to be effective no sooner than March 3, 2008.

**B. THE BOOKER DECISION DOES NOT APPLY TO SECTION 3582(c)(2) MOTIONS.**

Defendant may contend that this Court should conduct a full resentencing and reexamine the entire sentence consistent with the Supreme Court's decision in United States v. Booker, 543 U.S. 220

(2005), which made the Sentencing Guidelines advisory when a sentence is initially imposed. Such an argument is contrary to 18 U.S.C. § 3582(c)(2) and newly revised U.S.S.G. § 1B1.10, which provide that the Court may not conduct a full resentencing and may not sentence the defendant to a sentence that is below the newly revised guideline range. As discussed in detail below, the Booker argument is otherwise unsupportable.

Even if the Court were to ignore the mandates of 18 U.S.C. § 3582(c)(2) and the new version of U.S.S.G. § 1B1.10, it still could not rely on Booker as a basis for reexamining the defendant's sentence and for otherwise sentencing him below the newly revised guideline range. Nothing in Booker expands the scope of sentencing reductions under 18 U.S.C. § 3582(c)(2). As an initial matter, even before Booker, the guidelines have never been mandatory under Section 3582(c)(2) proceedings. Instead, that statute grants courts the discretion whether to reduce a sentence. Thus, Booker, which was concerned with mandatory guidelines that served to increase a defendant's sentence, is inapplicable to Section 3582(c)(2) proceedings, which involve non-mandatory guidelines that can only decrease a defendant's sentence.

Booker, decided in 2005, had no direct effect on Section 3582(c)(2). Booker's constitutional holding applied the now-familiar rule that "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the

prescribed statutory maximum must be submitted to the jury, and proved beyond a reasonable doubt." Booker, 543 U.S. at 231 (quoting Apprendi v. New Jersey, 530 U.S. 466, 490 (2000)). That rule has no application to proceedings under Section 3582(c)(2), which can only decrease, not increase, the defendant's sentence. Moreover, the limits that Section 3582(c)(2) and U.S.S.G. § 1b1.10 impose on the extent of reductions are, at most, the equivalent of mandatory minimum sentences, which the Sixth Amendment permits within an otherwise-authorized sentencing range. See Harris v. United States, 536 U.S. 545 (2002).

Booker's remedial holding (striking down portions of the Sentencing Reform Act) is likewise inapplicable. Booker applies only to the initial sentencing or to a resentencing where the original sentence is vacated for error. The Booker Court excised and severed the provision that made the Guidelines mandatory in those sentencings, 18 U.S.C. § 3553(b)(1). It also excised the related provision regarding appellate review, 18 U.S.C. § 3742(e). "With these two sections excised (and statutory cross-references to the two sections consequently invalidated)," the Court held, "the remainder of the Act satisfies the Court's constitutional requirements." 543 U.S. at 259. Section 3582(c)(2) contains no cross-reference to Section 3553(b) and therefore was not excised by Booker. Nor is there anything else in Booker that directly

addresses Section 3582 proceedings. Thus, Section 3582(c)(2) was left untouched by the Booker decision.

The government anticipates Defendant may argue that Booker is applicable here based on language in the Booker decision stating that its advisory guidelines remedy applies even to some cases in which there is no Sixth Amendment violation because Congress would not have wanted the Guidelines to be mandatory when applied at some sentencings and advisory at others. 543 U.S. at 266. Thus, Defendant may argue, the Booker Court meant for its holding to apply to all sentencings, including resentencings under Section 3582(c)(2). That argument should not prevail because the Booker Court's language about the need for the Guidelines to be mandatory at all sentencings rested on two rationales, neither of which is applicable to more limited reduction of sentence proceedings under Section 3582(c)(2).

The Booker Court's first rationale was that Congress would not have wanted to "impose mandatory . . . limits on a judge's ability to reduce sentences," but not to "impose those limits upon a judge's ability to increase sentences." Id. (emphasis in original). In other words, Congress would not have wanted "one-way lever[s]." Id. But Congress clearly intended Section 3582(c)(2) to be a "one-way lever" - the statute expressly gives the court the option to leave a defendant's sentence alone or to reduce it, but it does not permit the court to increase the sentence.

Second, the Booker Court reasoned that rendering the Guidelines partially advisory and partially mandatory in federal sentencings would engender significant "administrative complexities." Id. Given the limited scope of a proceeding under Section 3582(c)(2), such proceedings do not pose any significant "administrative complexities." To the contrary, if courts were to hold that Booker requires full resentencings whenever a guideline is made retroactive — in many cases years after the original sentencing — that would create major administrative complexities and would vastly expand the intended scope of a sentencing reduction under Section 3582(c)(2).

The conclusion that Booker does not apply in proceedings under Section 3582(c)(2) is consistent with the Eighth Circuit's and other courts of appeals' holdings that defendants whose convictions are final have no right to resentencing under Booker on collateral review under 28 U.S.C. § 2255. See Never Misses A Shot v. United States, 413 F.3d 781, 783-84 (8th Cir. 2005); see also Cirilo-Munoz v. United States, 404 F.3d 527, 532-33 (1st Cir. 2005); Guzma v. United States, 404 F.3d 139, 141-44 (2d Cir. 2005). It would be incongruous if courts interpreted the congressional scheme in Section 3582(c)(2) as triggering a full Booker resentencing, while at the same time concluding that Section 2255 does not trigger a full Booker resentencing, especially since Section 3582(c)(2)

provides for much more limited relief than Section 2255, concerns only sentence reductions, and raises no Sixth Amendment concerns.

Indeed, given that Booker does not apply to the many defendants whose sentences were final when Booker was decided, it would be unfair to apply Booker to the smaller subset of those defendants whose sentences are being lowered under the crack cocaine amendments. Section 3582(c)(2) was designed only to permit courts to reduce defendants' sentences to account for a retroactive guideline amendment. To grant these defendants a further reduction that is not afforded to all other similarly situated defendants would produce the unwarranted sentencing disparities Congress sought to eliminate in the Sentencing Reform Act. It would also entail enormous additional cost and effort in resentencing tens of thousands of inmates, despite that Section 3582(c)(2) by its terms expressly prohibits a full resentencing.[4]

---

[4] It should be noted that in United States v. Hicks, 472 F.3d 1167 (9th Cir. 2007), the Ninth Circuit concluded that limiting the extent of a Section 3582(c)(2) sentencing reduction to that prescribed by the Sentencing Commission amounts to a mandatory application of the Sentencing Guidelines that is prohibited by Booker. Hicks' analysis, however, is flawed and should not be followed by this Court. Hicks failed to consider that the context of a Section 3582(c)(2) proceeding, in which a court may only reduce a sentence or leave it undisturbed, is markedly different from the determinations under mandatory Guidelines which could increase a defendant's sentence - and thus run afoul of the Sixth Amendment - that were addressed in Booker. Hicks also failed to recognize that a sentencing reduction under Section 3582(c)(2) is not a full resentencing proceeding, but a limited mechanism only for reducing a sentence to account for a retroactive guideline amendment. Likewise, Hicks ignored the fact that Section
(continued...)

Accordingly, while this Court should consider the Section 3553(a) factors in determining whether and to what extent to reduce the sentence, it must abide by the limitations on sentencing reductions directed by Congress. Booker does not apply, and there is no authorization for this Court to revisit its earlier sentencing determinations.

In the event this Court concludes that Booker is applicable to Section 3582(c)(2) proceedings, it should nonetheless exercise its discretion not to vary below the amended guideline range. The Sentencing Commission's determinations, which must always be considered in sentencing, see 18 U.S.C. § 3553(a), deserve particular respect in this context, where Congress specifically delegated to the Commission the authority to amend the Guidelines, and to "specify in what circumstances and by what amounts the sentences of prisoners serving terms of imprisonment for the offense may be reduced." 28 U.S.C. § 994(u). Thus, the Court should follow U.S.S.G. § 1B1.10(a)(3)'s limitation that Section 3582(c)(2) proceedings "do not constitute a full resentencing of the defendant." Adherence to the limits imposed by the Commission will also avoid disparity in sentencing among similarly situated defendants, see 18 U.S.C. § 3553(a)(6), and will avoid substantial

---

[4](...continued)
3582(c)(2) incorporates U.S.S.G. § 1B1.10 and all its limitations into that statute, and that those statutory limitations are binding on sentencing courts.

unfairness to countless defendants who may not gain reconsideration of their final sentences because they did not enjoy the fortuity of having a retroactive guideline amendment applied to one aspect of their sentences.

## C. DEFENDANT IS NOT ELIGIBLE FOR A REDUCED TERM OF SUPERVISED RELEASE

In addition to moving for a reduced term of imprisonment, Defendant seeks a reduced term of supervised release. The motion should be denied for three reasons. First, Section 3582(c) only provides for reduction in the term of imprisonment. Second, Defendant received the statutory minimum term of supervised release, and that statute has not been altered by the retroactive crack cocaine sentencing guidelines. Moreover, the statute governing motions to reduce a supervised release term, 18 U.S.C. § 3583(e)(1), only permits such reductions when the defendant has served at least one year of supervised release. Because Defendant has not begun serving a supervised release term, he is not yet eligible for any reduction of his supervised release.

### 1. Defendant Is Not Eligible for a Reduced Supervised Release Because Section 3582(c)(2) Only Applies to a Reduction in Term of Imprisonment.

Defendant's request for reduction of his supervised release term should be denied because such relief is not available under Section 3582(c)(2). That statute only provides for modification of "a term of imprisonment" in certain, limited circumstances. The

statute provides no authority for reducing a term of supervised release or any other aspect of Defendant's sentence other than the term of imprisonment. Moreover, the plain language of the statute is reinforced by the Sentencing Commission's policy statement in U.S.S.G. § 1B1.10, which expressly restricts courts from conducting a "full resentencing of the defendant." See also Application Note 4 to U.S.S.G. § 1B1.10 ("Only a term of imprisonment imposed as part of the original sentence is authorized to be reduced under this section"). Because a reduction in supervised release is not a reduction in a term of imprisonment, Defendant's request for reduction in supervised release should be denied.

**2. Defendant Is Not Eligible for a Reduced Term of Supervised Release Under 18 U.S.C. § 3582(c)(2) Because He Was Sentenced to a Statutory Mandatory Minimum Term of Supervised Release**

Defendant's request for a reduced supervised release term should also be denied because Defendant was sentenced to a mandatory minimum term of supervised release as required by statute. Defendant was sentenced to 5 years supervised release, the statutory minimum term. The Sentencing Commission has not altered and cannot alter a statutory mandatory supervised release sentence, and that mandate continues to apply. Accordingly, as courts have consistently recognized in the context of terms of imprisonment, where a statutory minimum sentence is applicable, the passage of a retroactive guideline amendment is irrelevant. See United States v. Marshall, 95 F.3d 700, 701 (8th Cir. 1996).

Therefore, Defendant's request for a reduced supervised release term would fail even if Section 3582(c) otherwise provided for reductions of supervised release terms.

**3. Pursuant to 18 U.S.C. 3583(e)(1), Defendant Is Not Eligible for a Reduced Term of Supervised Release Until He Has Served One Year of Supervised Release**

The proper vehicle for seeking reduction in a term of supervised release is 18 U.S.C. § 3583(e)(1). That statute allows for termination of a supervised release term "at any time after the expiration of one year of supervised release." Because Defendant has not yet served a year of supervised release, this statute is inapplicable.[5]

## IV. CONCLUSION

To the extent Defendant seeks a sentence that is within the new guideline range calculated after applying the retroactive crack amendment reductions, the government does not oppose the motion but instead leaves the matter to the Court's discretion. To the extent Defendant seeks a sentence below 121 months, the bottom of the new

---

[5] Application Note 4(B) to U.S.S.G. § 1B1.10 indicates that a limited class of defendants, namely those who were denied the benefit of amended sentencing guidelines because their new prison term would be less than the time they have served, may argue that fact as a basis to reduce their supervised release term in a motion made pursuant to 18 U.S.C. § 3583(e)(1) at the proper time. This limited exception does not appear to apply to this defendant, who will not be denied the benefit of the amended sentencing guidelines, even if the Court decides not to reduce his sentence.

guideline range, and seeks to reduce his supervised release term, those portions of his motion should be denied. The Court has no authority to go below the new guideline range, nor does it have authority to reduce Defendant's term of supervised release at this time. Furthermore, Booker does not apply to these proceedings. Finally, any sentencing reduction should be made effective no sooner than March 3, 2008, the effective date of the retroactive amendments.

Dated: February 8, 2008

Respectfully submitted,

FRANK J. MAGILL, JR.
Acting United States Attorney

s/Nicole A. Engisch

BY: NICOLE A. ENGISCH
Assistant U.S. Attorney